**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RALPH HILTEBEITEL,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.** |
| **v.** | : | |
| | : | |
| | : | |
| **SERVICES UNITED INC.,** | : | |
| **Defendant.** | : | **JURY TRIAL DEMANDED** |

# COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Ralph Hiltebeitel (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant, Services United Inc. (hereinafter "Services United"), who has been harmed by age discrimination as well as other improper conduct by Services United and its agents, servants, and representatives.

1. This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.*[1]

## II. JURISDICTION AND VENUE

2. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 29 U.S.C. 621, 28 U.S.C. §1331, 1332 and 1391, 2201, 2202, 1343 and the claim is substantively based on the Age Discrimination in Employment Act, 29 U.S.C. 621,

[1] Plaintiff filed his Complaint with the PHRC on or about January 19, 2026. Because the EEOC issued a Notice of Right to Sue which required this filing within one year of the date of the PHRC Complaint, Plaintiff's PHRA claims are not yet ripe. Plaintiff anticipates filing an Amended Complaint on or after January 19, 2027 to add his PHRA claims.

*et seq*.

3. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Bethlehem, Northampton County, Pennsylvania.

4. All conditions precedent to the institution of this suit have been fulfilled. As to the Federal ADEA claims, Plaintiff has invoked the procedure set forth in the ADEA and has received a Notice of Right to Sue as required. On January 29, 2026, Plaintiff filed a Charge of Discrimination with the EEOC against Services United, alleging, *inter alia* age-based employment discrimination and retaliation, which was cross-filed with the Pennsylvania Human Relations Commission pursuant to the work-sharing agreement between the two agencies.

5. On August 19, 2026, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission.

6. This action has been filed within ninety (90) days of receipt of said Notice.

7. More than one year has elapsed since the filing of this action with the Pennsylvania Human Relations Commission.

## III. PARTIES

8. Plaintiff, Ralph Hiltebeitel, is an adult male citizen and resident of the Commonwealth of Pennsylvania.

9. Services United Inc. is a citizen of the Commonwealth of Pennsylvania, and organized under the laws of the Commonwealth of Pennsylvania, with principal place of business in Bethlehem, Northampton County, PA.

10. At all times relevant herein, Plaintiff was an "employee" as defined by the ADEA and is protected by the provisions of the Act.

11. At all times relevant herein, Services United was an "employer" as defined by the ADEA and the PHRA, and is subject to the provisions of the Acts.

12. At all times relevant hereto, Services United acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

13. At all times material hereto, Services United employed more than 20 employees.

## IV. CAUSES OF ACTION

14. Plaintiff is an adult individual, age 69 who is protected from age-based discrimination and retaliation under the ADEA.

15. At all times material hereto, Plaintiff was employed by Defendant, Services United as the Operations Manager.

16. In his position as Operations Manager, Plaintiff was responsible for all day to day operations of Defendant, Services United with no oversights.

17. Mr. Hiltebeitel successfully performed all of the duties of his position for the entire five years of his employment, and that there was never any question that he was an asset to the company.

18. There was a rapid about face in February 2025 when Martin attended a trade show in Florida and met a young employee of a competitor.

19. From that time, Martin began to ceaselessly extol the virtues of have a younger work force, focusing on things like "high energy" and "exuberance."

20. In mid-April, Plaintiff noticed a cooling of Martin's relationship with him, which previously had been very close.

21. Later that month and into May, Martin began to talk about replacing Plaintiff, and he was removed from a business trip to Ohio.

22. Still later, the talk of replacing him became more frequent.

23. Martin began speaking in terms like "out with the old and in with the new," and in June, Martin and others began to ask Plaintiff when he was planning to retire.

24. In July Martin directly told him that you were planning to remove him as Operations Manager.

25. Martin did so in August, and replaced him with someone thirty years younger ("Kris"), demoting Plaintiff to a temporary dispatcher position to take effect in January 2026.

26. The demotion would result in a reduction of pay by 55-58%.

27. Martin explained to Plaintiff that he wanted "Kris"'s "youthful energy" and stated that he would "have better relations with the younger employees."

28. At that time, Plaintiff protested that this was age discrimination.

29. In September 2025, Martin informed Plaintiff that the demotion was being moved up to November 2025.

30. On September 26, 2025, Martin falsely accused Mr. Hiltebeitel of stealing a tool and terminated his employment.

31. Martin also terminated another older employee, "Stan," and replaced him with someone twenty years younger.

32. In connection with this termination, Martin stated, "out with the old."

33. There are many other examples of ageist statements or disparity of treatment between younger and older employees.

34. Plaintiff has suffered severe emotional distress, loss of back pay, front pay, and compensatory damages, as well as incurred attorney's fees and costs.

35. Services United was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and failing to provide reasonable accommodation, and for failing to protect Plaintiff from unlawful conduct.

36. As a direct result of Services United's conduct, Plaintiff has been irrevocably damaged.

37. As a direct result of Services United 's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

38. As a direct result of Services United's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

**COUNT I**
**PLAINTIFF v. SERVICES UNITED**
**VIOLATION OF THE ADEA**

39. Paragraphs 1 through 38 inclusive, are incorporated by reference as if fully set forth at length herein.

40. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, demoting and then terminating his employment solely because of his age.

41. As a direct result of Defendant's willful and unlawful actions Plaintiff has sustained loss of earnings, loss of future earning power, back pay, front pay, and interest

due thereon.

**COUNT II**
**PLAINTIFF v. SERVICES UNITED**
**VIOLATION OF THE ADEA – RETALIATION**

42. Paragraphs 1 through 41 inclusive, are incorporated by reference as if fully set forth at length herein.

43. As set forth above, the decision to terminate Plaintiff's employment was motivated by Plaintiff's complaint that Services United was engaging in age discrimination.

44. As a direct result of Defendant's willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## V. PRAYER FOR RELIEF

45. Paragraphs 1 through 44 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over his claims;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and

future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Services United's discriminatory and unlawful conduct;

d. Reinstate Plaintiff to his former position together with back pay and compensatory damages;

e. Award punitive and/or liquidated damages as may be permitted under law;

f. Award Plaintiff attorneys' fees and costs; and

g. Grant such other relief, as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By:/s/ *David L. Deratzian*
DAVID L. DERATZIAN, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff

Date: November 9, 2026